UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIM HOOD, ATTORNEY GENERAL FOR                                    PLAINTIFF
THE STATE OF MISSISSIPPI EX REL. THE
STATE OF MISSISSIPPI

V.                                              CIVIL ACTION NO. 3:05cv572-LTS-JCS

MISSISSIPPI FARM BUREAU INSURANCE                                 DEFENDANTS
COMPANY; STATE FARM FIRE AND CASUALTY
COMPANY; ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; UNITED SERVICES AUTOMOBILE
ASSOCIATION; NATIONWIDE MUTUAL INSURANCE
COMPANY

**ORDER**

This cause is before the Court on [69] and [71] the motions of Defendants Allstate Property and Casualty Insurance Company (Allstate) and State Farm Fire and Casualty Company (State Farm) to reconsider the [68] Memorandum Opinion and Order (Order) granting [12] Plaintiff's Motion to Remand.  Alternatively, they ask that the Order be certified for an interlocutory appeal under 28 U.S.C. § 1292(b).  Defendant Nationwide Mutual Insurance Company (Nationwide) [73] joins Allstate's and State Farm's motions.  Before addressing the substantive issues, some procedural background is helpful.

I.

This case originated in the Chancery Court of Hinds County, Mississippi, First Judicial District, on September 15, 2005.  Allstate was the first defendant to bring the matter here via a [1] Notice of Removal.  State Farm [2], Nationwide [3], United Services Automobile Association (USAA) [4], and Mississippi Farm Bureau Insurance Company (Farm Bureau) [7] immediately joined.  Plaintiff Jim Hood, Attorney General of the State of Mississippi on behalf of the state, soon followed with a [12] Motion to Remand.  Answers, defenses, and counterclaims had already been filed by all defendants [5], [6], [8], [9], [10].  State Farm even filed an [23] Amended and Supplemental Notice of Removal, in which all defendants also joined [24], [25], [27], [28].

In the midst of all of this activity, several insurance companies [31] moved to intervene.  Once briefing was concluded and other filed matters were addressed, the Attorney General on February 6, 2006, requested [59] a hearing on his [30] motion for expedited review, which had been filed the previous October.

On March 8, 2006, United States District Judge Tom S. Lee entered the Order now before this Court on reconsideration. On May 16, Judge Lee signed a [76] Recusal Order, and the case was assigned to Chief United States District Judge Henry T. Wingate. Chief Judge Wingate [83] transferred it to the undersigned "pursuant to the interests of justice and orderly disposition of related cases." It is well known that my docket is comprised of all Hurricane Katrina insurance litigation in federal court. The Attorney General's cause of action is part and parcel of this process, and Judge Wingate's action in transferring this particular case is entirely appropriate. The motions are ripe for decision.

II.

It is unnecessary to engage in a detailed analysis of Judge Lee's thorough, thoughtful, and well-reasoned opinion. A major advantage of the passage of some time is that this Court has had the opportunity to rule on issues that are raised in the instant case. Judge Lee's opinion, rendered before the development of this more particularized jurisprudence, is strikingly consistent with it.

The defendants have been sued by the Attorney General in their capacity as private insurers of homeowner policies which they maintain exclude damage caused by flooding (a position reached by this Court), yet they seek removal in their role as a write-your-own (WYO) issuer of standard flood insurance policies (SFIPs) funded and administered by the United States Government through the Federal Emergency Management Agency (FEMA). In short, they have attempted to create federal jurisdiction out of what is essentially, in Judge Lee's words, the "interpretation of the terms of private insurance policies, traditionally a function of state law." [68] at 23.

This case is not about the administration or adjustment of claims under SFIPs. For example, USAA has recognized that this Court has rejected the argument that federal question jurisdiction exists under the National Flood Insurance Program in the context of a claim for insurance proceeds under a homeowner policy. *See, e.g., McIlwain v. United Services Automobile Associates d/b/a USAA*, Civil Action No. 1:06cv577; *Lisanby v. United Services Automobile Association,* Civil Action No. 1:05cv660. And, while there may be interplay between the benefits available under respective homeowner and flood policies, *see, e.g., Tejedor v. State Farm Fire and Casualty Co.*, Civil Action No. 1:05cv679; *Glover v. Heflin, et al.*, Civil Action No. 1:06cv85 (in which Nationwide is a defendant); *Sima/Signature Lake, et al. v. Certain Underwriters at Lloyds London*, Civil Action No. 1:06cv186, that obviously does not invest this Court with exclusive federal jurisdiction. Where, on the other hand, diversity of citizenship is present, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 (when it is not, dismissal (*McIlwain*) or remand (*Lisanby)* has occurred).

Defendants additionally argue that the Attorney General, as the State of Mississippi's chief legal officer, has misused his powers to enforce state law in violation of the United States Constitution and, therefore, under the authority of *Ex parte Young*, exclusive federal jurisdiction is present. But, as noted in State Farm's memorandum ([72] at 12 n.16), that case is typically invoked when state officials seek to enforce a statutory provision. What the defendants label as an "attempt to enforce his official interpretation of a framework of state laws to effectively set

aside bargained-for coverage in favor of a confiscatory state flood program" arises, once again, from "the interpretation of the terms of private insurance policies, traditionally a function of state law." The defendants' attempts to bring into play by counterclaim what is not a part of the original action does not support removal.

Finally, defendants alternatively request that the Order be certified for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This Court denied a similar request in *Tuepker v. State Farm Fire & Casualty Co.*, Civil Action No. 1:05cv559, as to this particular issue. Nothing is presented to alter this conclusion.

The motions for reconsideration are basically a re-hash of the original arguments offered in opposition to the remand motion. After reviewing the entire record and the arguments of all parties, this Court finds that Defendants fail to establish "the need to correct a clear error of law or prevent manifest injustice." *See* Fed. R. Civ. P. 59. Accordingly, **IT IS ORDERED**:

The [69] [71] motions for reconsideration are **DENIED**;

All other pending motions are **MOOT**;

This cause of action is hereby **REMANDED** to the Chancery Court of Hinds County, Mississippi, First Judicial District;

The Clerk of Court shall take the steps necessary to return this cause of action to the court from which it was removed.

**SO ORDERED** this the 26th day of December, 2006.

                                              S/L. T. SENTER, JR.
                                              SENIOR JUDGE